IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-10058-02-WEB |
| | ) | |
| JAMES MORRIS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Defendant James Morris entered into a plea agreement on July 21, 2003, wherein he plead guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). He was sentenced to 92 months imprisonment. A three year term of supervised release was imposed at the time of sentencing. Defendant was release from the Bureau of Prisons on January 21, 2010. Defendant is before the court for a supervised release violation hearing. The court ruled orally that the defendant violated his supervised release, and denied the Defendant's request for halfway house placement or a lesser sentence. This Order supplements the Court's ruling.

The Defendant admitted, and the Court found, that he violated the terms of his supervised release by possession of a controlled substance, use of a controlled substance, failure to notify his probation officer of change in residence, failure to notify his probation officer of police contact, and failure to follow the instructions of the probation officer. The highest grade violation is "B."

The Defendant requested the Court reinstate his supervised release, and place him in a halfway house. In support of this argument, the Defendant stated that when he was previously placed in a halfway house, he did not use or test positive for drugs, he maintained a stable place

1

to live, and he found work through the day labor temporary work program.  The Defendant argued that with the exception of the possession violation, his violations are minor, and they can be corrected by continued supervision and placement at the halfway house.   Finally, Defendant argued that if a term of imprisonment is ordered, then the court impose a term of 18 months, as opposed to a 24 month sentence.

The evidence before the court shows the Defendant did not maintain contact with the probation officer.  The Defendant did not notify the probation officer of where he was staying, changes in jobs, or leaving the halfway house.  The Defendant was unable to maintain a job due to poor work ethic or not showing up for work.  The probation officer did not conclude that the prior stay at the halfway house was successful, as the Defendant did not actively seek employment and did not maintain employment, although the Defendant did not test positive for controlled substances for that time period.

The Defendant's history does not support reinstatement to supervised release.  The Defendant did not take advantage of the opportunities offered to him by his probation officer, he did not maintain employment, he did not maintain contact with the probation officer.  There is no evidence before the court that would allow the Court to conclude that the Defendant could be successful if given another chance.  Based on the Defendant's minimal ties to the community, his inability to maintain employment, and his drug use, the Defendant is a danger to the community.  The Defendant has not provided evidence in mitigation of a sentence of imprisonment.

The Defendant violated the terms of his supervised release.  The highest grade of violation is a "B."  The Defendant's supervised release is revoked, and a sentence of 24 months imprisonment is imposed.  No supervised release is ordered.

The Probation Officer in charge of this case shall see that a copy of this order is made available to the Bureau of Prisons.

SO ORDERED this 28th day of December, 2010.

    s/ Wesley E. Brown
Wesley E. Brown
Senior U.S. District Judge